IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**ROY LOVELL**,

        Plaintiff,

v.

**SKY CHEFS INC.**,

        Defendant.

Case No. 3:15-cv-00327-SI

**OPINION AND ORDER**

Aaron W. Baker, 650 Pioneer Tower, 888 SW Fifth Avenue, Portland, OR 97204. Of Attorneys for Plaintiff.

Mitchell C. Baker and Alexander A. Wheatley, FISHER & PHILLIPS LLP, 111 SW Fifth Avenue, Suite 4040, Portland, OR 97204. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

    Roy Lovell ("Plaintiff") maintains this action against Sky Chefs, Inc. ("Defendant"). Before the Court is Defendant's motion to dismiss Plaintiff's claim for wrongful termination and for attorney fees. Dkt. 7. For the reasons that follow, Defendant's motion is granted in part and denied in part.

## STANDARDS

    A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual

PAGE 1 – OPINION AND ORDER

allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). All reasonable inferences from the factual allegations must be drawn in favor of the plaintiff. *Newcal Indus. v. Ikon Office Solution*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

## BACKGROUND

Plaintiff was formerly employed by Defendant. Plaintiff alleges that on July 1, 2013, Plaintiff sustained an on-the-job injury and thereafter availed himself of benefits available under Oregon workers' compensation laws. Plaintiff further alleges that, on or about July 29, 2013, Plaintiff received hernia repair surgery and was unable able to work. On August 23, 2013 Plaintiff's

employment was terminated. Plaintiff alleges that his termination violated the Family and Medical Leave Act[1] and state employment law.

## DISCUSSION

Defendant moves to dismiss Plaintiff's claim for common law wrongful discharge on the grounds that: (1) wrongful discharge is an interstitial tort only available if a claimant lacks an adequate statutory remedy; and (2) that ORS § 659A.885(3) provides the full panoply of relief available at common law, thus precluding Plaintiff from asserting a claim for wrongful discharge. Defendant also seeks attorney fees under ORS § 20.105 because, Defendant claims, Plaintiff's position cannot reasonably be supported by Oregon law. The Court addresses each argument in turn.

### A.  Adequate Statutory Remedy

In this case, the Court must decide the oft-raised issue of whether a plaintiff who alleges common law wrongful discharge is precluded from bringing that claim because there is an adequate statutory remedy. Defendant argues that controlling Oregon Supreme Court precedent, as interpreted by a long line of cases in this district, requires a finding that Plaintiff's claims for common law wrongful discharge are precluded. Defendant contends that the test for whether a claim for common law wrongful discharge is precluded under Oregon law is disjunctive: it requires a showing that either (1) an existing remedy adequately protects the public interest in question, or (2) the legislature has intentionally abrogated the common law remedies by establishing an exclusive remedy. *See Arnold v. Pfizer, Inc.*, 970 F. Supp. 2d 1106, 1145 (D. Or. 2013); *Draper v. Astoria Sch. Dist. No. 1C*, 995 F. Supp. 1122, 1130-31 (D. Or. 1998). Plaintiff contends that the appropriate test, as articulated by the Oregon Court of Appeals, is conjunctive:

---

[1] 29 U.S.C. §§ 2601-2654.

the Defendant must demonstrate both that the provided remedy is adequate and that the legislature intended the statute to abrogate preexisting common law remedies. *See Kemp v. Masterbrand Cabinets, Inc.*, 257 Or. App. 530, 537-38 (2013); *Olsen v. Deschutes County*, 204 Or. App. 7, 14 (2006). *See also Neighorn v. Quest Health Care*, 870 F. Supp. 2d 1069, 1106 (D. Or. 2012) (discussing cases applying the disjunctive and conjunctive tests).

Plaintiff concedes in his Response to Defendant's Motion to Dismiss (Dkt. 9) that ORS § 659A.885(3) would provide an adequate statutory remedy for his claims if he had filed them within the applicable statute of limitations.[2] Pl.'s Opp'n at 3-4. Accordingly, the only relevant question for the Court is whether Oregon law requires the conjunctive test articulated by the Oregon Court of Appeals or the disjunctive test articulated by federal courts in this district.

In *Draper*, Judge Stewart provided an exhaustive analysis of the development of the tort of wrongful discharge in Oregon, as well as the relevant case law concerning when a statutory remedy precludes such a claim. 995 F. Supp. at 1127-31. In finding that Oregon law requires a disjunctive test for determining when a statutory remedy precludes a claim for common law wrongful discharge, Judge Stewart explained:

> In attempting to navigate a course through the confusing landscape of Oregon appellate cases on wrongful discharge, this court observes that the underlying purpose of that tort in this state is not to vindicate the individual interests of the employee by assuring that he or she receives the maximum possible recovery, but rather to protect important public policies by punishing conduct that thwarts those interests.
>
> Given the stated purpose of this tort in Oregon, and given that it was created to establish only a narrow exception to the employment-at-will doctrine, this court concludes that a claim for

---

[2] The Court notes that Plaintiff's contention that he lacks an adequate statutory remedy because he failed to file his claim within the applicable statute of limitation is meritless. The statute of limitations is a matter of defense and does not go to whether a remedy is an adequate remedy. *See Ware v. U.S. Dep't of Interior*, 2006 WL 1005091 (D. Or. Apr. 14, 2006).

PAGE 4 – OPINION AND ORDER

> common law wrongful discharge is not available in Oregon if (1) an existing remedy adequately protects the public interest in question, or (2) the legislature has intentionally abrogated the common law remedies by establishing an exclusive remedy (regardless of whether the courts perceive that remedy to be adequate). This court will follow that view until the Oregon Supreme Court clarifies the governing standards.

*Id*. at 1130-31.

The Court agrees with Judge Stewart's thorough and well-reasoned analysis in *Draper*: if an adequate statutory remedy exists, a common law wrongful discharge claim based on the same conduct is precluded. *See Cantley v. DSMF, Inc.*, 422 F. Supp. 2d 1214, 1222 (D. Or. 2006) ("Until the Oregon Supreme Court clarifies the governing standards, this court will continue to follow its analysis in *Draper*."). Moreover, since *Draper*, almost every federal judge in this district has confronted this issue and many of the resulting decisions have been accompanied by thorough analysis of this question. On this point there is almost uniform agreement among the other judges in this district with Judge Stewart's reasoning in *Draper*. *See, e.g., Arnold*, 970 F. Supp. 2d at 1145-46 (D. Or. 2013); *Neighorn*, 870 F. Supp. 2d at 1106-08 (D. Or. 2012); *Shaw v. R.U. One Corp.*, 822 F. Supp. 2d 1094, 1097-99 (D. Or. 2011); *Duran v. Window Prods., Inc.*, 2011 WL 1261190, *1-4 (D. Or. Mar. 29, 2011); *Ventura v. Johnson Controls, Inc.*, 2010 WL 3767882, *11-12 (D. Or. Sept. 16, 2010); *Reid v. Evergreen Aviation Ground Logistics Enters., Inc.*, 2009 WL 136019, *15-20 (D. Or. Jan. 20, 2009); *Battan v. Allwest Underground, Inc.*, 2008 WL 4191467, *3-6 (Sept. 5, 2008); *James v. Evergreen Int'l Airlines, Inc.*, 2008 WL 2564804, *5-7 (D. Or. June 23, 2008); *Delima v. Home Depot U.S.A., Inc.*, 2008 WL1882842, *29 (D. Or. April 23, 2008); *Cameron v. T–Mobile USA, Inc.*, 2008 WL 918480, *4-5 (D. Or. March 31, 2008); *Walters v. Roll'N Oilfield Indus., Inc.*, *4 (Feb. 15, 2008); *Bernsten v. Dollar Tree Stores, Inc.*, 2007 WL 756744, *9 (D. Or. March 6, 2007); *Bates v. Lucht's Concrete Pumping, Inc.*, 2007 WL 656428, *1 (D. Or. Feb. 26, 2007); *Navarette v. Nike, Inc.*, *1 (D. Or. Jan. 26, 2007);

PAGE 5 – OPINION AND ORDER

*Wilson v. Southern Oregon Univ.*, 2006 WL 2668468,* 3 (D. Or. Sept. 15, 2006). *But see Willis v. Comcast of Oregon II, Inc.*, 2007 WL 3170987, *1-2 (D. Or. Oct. 25, 2007) (implicitly following *Olsen's* test that a common law wrongful discharge claim is not precluded unless there is both an adequate statutory remedy and legislative intent to abrogate a common law cause of action for wrongful discharge based on the same conduct).

Plaintiff makes no effort to distinguish this long line of cases in his briefing, instead relying solely on the Oregon Court of Appeals decision in *Kemp*, 257 Or. App. at 537-541 (applying the conjunctive test). A federal court sitting in diversity, however, is not bound by the decisions of a state intermediate appellate court if it determines that the state's highest court would reach a different conclusion. *McCubbrey v. Veninga*, 39 F3d 1054, 1055 (9th Cir. 1994). Following Judge Stewart's analysis in *Draper* and the many cases in this district following it, the Court is not convinced that the Oregon Court of Appeals decision in *Kemp* portends the Oregon Supreme Court's direction on this issue. *See Duran*, 2011 WL 1261190, at *3 (declining to adopt the Oregon Court of Appeals' conjunctive test until the Oregon Supreme Court has clarified the issue); *Reid*, 2009 WL 136019, at *19-20 (same); *Hull v. Ivey Imaging LLC*, 2008 WL 5071100, *2-3 (D. Or. Nov. 21, 2008) (holding that the court continues to apply the disjunctive test pending the Oregon Supreme Court speaking more conclusively on the matter); *Adams v. Home Depot USA, Inc.*, 2007 WL 4565163, *29 (D. Or. Dec. 19, 2007) (holding that in light of prior analysis and the lack of contrary persuasive reasons, "this court continues to require *either* a show of adequate statutory remedies *or* a specific legislative intent to abrogate the common law, but not both") (emphasis in original); *Henry v. Portland Dev. Comm'n*, 2006 WL 4008709, *6 (D. Or. Oct. 18, 2006) (holding that a "federal court is not bound by the decisions of a state intermediate appellate court if it determines that the state's highest court would reach a different

PAGE 6 – OPINION AND ORDER

conclusion. Here, the Oregon Supreme Court . . . has not conclusively spoken on this issue"). Accordingly, because Plaintiff has an adequate statutory remedy under ORS § 659A.885, Plaintiff's claim for common law wrongful discharge must be dismissed.

## B.  Attorney Fees

Defendant seeks attorney fees under ORS § 20.105, which states in relevant part:

> the court shall award reasonable attorney fees to a party against whom a claim, defense or ground for appeal or review is asserted, if that party is a prevailing party in the proceeding and to be paid by the party asserting the claim, defense or ground, upon a finding by the court that the party willfully disobeyed a court order or that there was no objectively reasonable basis for asserting the claim, defense or ground for appeal.

ORS § 20.105(1). This section, however, does not provide a right to attorney fees for all prevailing parties as a matter of course. Instead, "attorney's fees may be awarded only as a sanction against the non-prevailing parties in meritless actions filed for an improper purpose." *Gerke v. Travelers Cas. Ins. Co. of Am.*, 2013 WL 6241983, *6 (D. Or. Dec. 3, 2013). Because the Court does not find that Plaintiff's lawsuit was filed for an improper purpose, Defendant's request for attorney fees is denied.

## CONCLUSION

Defendant's motion to dismiss Plaintiff's claim for wrongful termination is GRANTED. Defendant's request for attorney fees is DENIED.

**IT IS SO ORDERED**.

DATED this 22nd day of July, 2015.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

PAGE 7 – OPINION AND ORDER